Mandeep SINGH, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE,
Alberto Gonzales, Attorney
General, Respondents.

No. 06–3044–ag.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2007.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Mandeep Singh, a native and citizen of India, seeks review of a May 31, 2006, order of the BIA summarily affirming the February 11, 2005, decision of Immigration Judge ("IJ") Helen Sichel denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mandeep Singh,* No. A79 097 363 (B.I.A. May 31, 2006), *aff'g* No. A79 097 363 (Immig. Ct. N.Y. City Feb. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review

the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ The IJ based her adverse credibility determination primarily on her finding that Singh's assertion that only he, and not his father, was detained and interrogated was implausible. This finding is overly speculative and not supported by substantial evidence in the record. Singh testified that he did not know whether his father was questioned when he came to secure Singh's release from prison. More importantly, although the IJ stated that Singh "has not in anyway established why his father would be able to appear at a police station and obtain his release without any consequences despite the police's allege[d] interest in his father," he did in fact offer such an explanation, namely that his father had come to the police station with "prominent figures of India," including elected local officials. Singh also provided an explanation for "how his father would be able to remain in India despite the alleged difficulties his father faces with the police and the militants." He testified that his father "is an ex-service man and because of his military service he can get some kind of

support from his department." "Absent a reasoned evaluation of [Singh's] explanations, the IJ's conclusion that his story is implausible was based on flawed reasoning and, therefore, cannot constitute substantial evidence supporting her conclusion." *Cao He Lin*, 428 F.3d at 403.

The IJ also relied on the fact that Singh could not "state the ranks his father held during his childhood" to support her finding that he had not testified credibly regarding his father's military service. The IJ's assumption that Singh should be able to remember all of the ranks his father held while Singh was a child is based on speculation and cannot support an adverse credibility finding. Finally, the IJ's reliance on the State Department's country report to discredit Singh's assertion that the events he described could have taken place when he claims is also based on flawed reasoning. The country report's finding that the insurgency in Punjab lasted from 1984 to 1994 does not necessarily contradict Singh's claim that he was approached by Sikh militants in 2001 and 2001. To the extent that the IJ intended to fault Singh for not providing documentary evidence to corroborate his claims, this failure cannot support an adverse credibility determination unless the IJ had identified the relevant documents and found that they would be reasonably available to the petitioner or made other findings to support an adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). In this case, the IJ did neither.

For these reasons, we find the IJ's credibility determination to be sufficiently flawed to justify a remand for further proceedings. Because these errors undermine the primary bases upon which the IJ relied, we cannot confidently predict that she would adhere to the same decision if given a second opportunity to review Singh's testimony. *Cao He Lin*, 428 F.3d

at 406. The petition for review is GRANTED, the BIA's order is VACATED, and we REMAND for further proceedings consistent with this Order.